UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES PERRY TRIGILIO, | 1:12-cv-00894 LJO MJS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | [Doc. 1] |
| MICHAEL BENOV, Warden, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner declined to consent to Magistrate Judge jurisdiction. (ECF No. 3.)

**I.   FACTUAL BACKGROUND**

On January 25, 2008, Petitioner was sentenced to custody of the Bureau of Prisons (BOP) for 96 months after being convicted of wire fraud and contempt. (Pet. at 2, ECF No. 1.)

Petitioner asserts that he has been denied admission into the Residential Drug Abuse Program (RDAP), despite Petitioner's contention that he is eligible for the program. (Pet. at 3.) Petitioner also asserts that he has filed four administrative appeals requesting entry to RDAP starting in October, 2011, all of which were denied. (Id.)

On June 4, 2012, Petitioner filed the instant federal habeas petition. Petitioner

argues that he was denied admission to RDAP despite being eligible.

## II. APPLICABLE STANDARD OF HABEAS CORPUS REVIEW

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's claims are proper under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of petitioner's sentence and not the fact of petitioner's conviction or sentence. See Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1991) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"). Venue is proper in this District as Petitioner is challenging the execution of his sentence at Taft Correctional Institution, which is within the Eastern District of California.

## III. PROCEDURAL GROUNDS FOR SUMMARY DISMISSAL

The Rules Governing Section 2254 Cases may be applied to other habeas petitions including petitions from federal prisoners presenting claims under Section 2241. See Rule 1(a). The Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## IV. ANALYSIS OF PETITIONER'S CLAIM

Petitioner asserts that BOP's denial of his admission request into RDAP was inappropriate. This Court lacks jurisdiction to hear Petitioner's claim.

The Administrative Procedure Act (APA) provides a cause of action for persons

suffering a legal wrong because of adverse agency action, and agency actions can be held unlawful when those actions are arbitrary, capricious, or an abuse of discretion. 5 U.S.C. §§ 702, 706(2) (A); Reeb v. Thomas, 636 F.3d 1224, 1226 (9th Cir. 2011).

The Ninth Circuit recently determined that 18 U.S.C. § 3625 precludes judicial review under the APA of certain individualized determinations by the BOP. Reeb, 636 F.3d at 1226-27. In Reeb, the petitioner challenged the BOP's decision to expel him from the RDAP. As the Reeb court discussed, the BOP has broad statutory discretion over the entire RDAP program under 18 U.S.C. § 3621(e), and inmates who successfully complete RDAP are eligible for a up to a one year sentence reduction. Id. at 1225. The petitioner in Reeb contended the BOP lacked a rational basis for expelling him from RDAP under § 706(2)(A) of the APA. Id. at 1227-28.

The Reeb court concluded that it lacked jurisdiction to hear the claim, holding that 18 U.S.C. § 3625 unambiguously specified that judicial review under the APA was precluded. Section 3625 states that the APA does not apply to decisions relating to imprisonment governed by U.S.C. § 3621. Specifically, the court stated:

> To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court. The BOP's substantive decisions to remove particular inmates from the RDAP program are likewise not subject to judicial review.

Reeb, 636 F.3d at 1227.

Accordingly, the BOP's substantive, discretionary RDAP decision adverse to Petitioner is not reviewable in the district court pursuant to § 706(2)(A) of the APA. Reeb, 636 F.3d at 1227; see also Close v. Thomas, 653 F.3d 970 (9th Cir. 2011). Thus, this Court lacks jurisdiction to review an individualized determination regarding Petitioner's RDAP placement. As this Court lacks jurisdiction to review Respondent's determination, Petitioner is not entitled to habeas relief and it is recommended that the claim is denied.

///

## V. RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the the habeas corpus petition be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: June 15, 2012                    /s/ Michael J. Seng
                                        UNITED STATES MAGISTRATE JUDGE